(Reap. Dec. 8811)

CHARLESTON OVERSEAS FORWARDERS, INC. *v.* UNITED STATES

Entry No. 400.

(Decided May 21, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster* and *Joseph E. Weil*, trial attorneys), for the defendant.

WILSON, Judge: This appeal for reappraisement involves the proper value of certain merchandise described as "One Test Piece of 'MIPRO 3' Projecting Microscope," purchased in Turin, Italy, and

which was exported from Holland via Antwerp on November 16, 1953, and entered at the port of Charleston.

Entry of the involved merchandise was made on the basis of the purchase price of $500. It appears that the merchandise was appraised on the basis of foreign value, section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, at a value of lira 450,000 less 3 per centum. The appraised value was predicated upon the value of a similar shipment entered at the port of Chicago (plaintiff's exhibit 3).

Plaintiff introduced in evidence certain exhibits, purportedly having a bearing on the disposition of the question here for consideration. Plaintiff's exhibit 1 is a representation or drawing in a booklet (page 9), describing the imported machine which plaintiff's witness, the importer of the involved merchandise, described as a machine "which enables microscopic observation by projection rather than by direct vision" (R. 10). Plaintiff's exhibit 2 is a photograph on page 17 of the booklet, heretofore referred to (plaintiff's exhibit 1), showing two devices which can be attached to the housing and base mounting of the imported machine for employment as "a metallographic microscope."

It is apparently the contention of the importer that the machine which was used as the basis of value in the appraisement of the machine here under consideration was different from the imported apparatus, in that it contained the two accessories, indicated in plaintiff's exhibit 2, which the importer maintains were not incorporated in the imported article and that, therefore, the appraisement herein made, on the basis of the claimed similar machine, was incorrect.

Section 402 (c) of the Tariff Act of 1930, as amended, *supra*, provides:

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

It is well settled that the party appealing for reappraisement has the burden not only of overcoming the presumption of correctness of the appraiser's finding of value, but of affirmatively establishing the correct value. In the case at bar, appraisement, as heretofore indicated, was made on the basis of the foreign value of the imported merchandise. Plaintiff's witness herein attempted to rely on certain information which he stated he had obtained from the manufacturer

and which, in his opinion, was pertinent in the determination of the value of the importation at bar. Such information, not being facts within the knowledge of the witness, was rejected as hearsay and as not being probative of the issue. No price lists, catalogs, affidavits, or other documents having to do with the value of the importation in the home market were introduced to support this appeal. Further, on cross-examination, Mr. Thomas S. Morgan, the importer of the machine in question, admitted that he did not know the price at which merchandise like that here imported was being freely offered for sale by the manufacturer for home consumption in Italy at or about the time of exportation of this merchandise to all purchasers and in the usual course of trade. In my opinion, plaintiff, in this case, has failed to offer any evidence sufficient to overcome the presumptively correct finding of value by the appraiser.

On the basis of the record herein presented, I find that the presumptively correct value, as found by the appraiser, has not been overcome. Accordingly, I find the appraised value to be the proper value of the involved merchandise. Judgment will be entered accordingly.